IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SPRINGHILL AVENUE UNITED    *
METHODIST CHURCH, INC.,      *
                             *
    Plaintiff,              *
                             * CIVIL ACTION NO. 24-00375-KD-B
vs.                          *
                             *
LLOYD'S OF LONDON, *et al.*,  *
                             *
    Defendants.              *

## REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff Springhill Avenue United Methodist Church, Inc.'s motion to remand (Doc. 5). The motion, which has been fully briefed, has been referred to the undersigned Magistrate Judge for consideration and recommendation pursuant to 28 U.S.C. § 636(b)(1). Upon consideration of all matters presented, the undersigned recommends, for the reasons stated herein, that Plaintiff's motion to remand be **DENIED.**

I.   **BACKGROUND**

A.   **Complaint and Answer**

On May 23, 2024, Plaintiff Springhill Avenue United Methodist Church, Inc. ("Plaintiff") commenced this action in the Circuit Court of Mobile County, Alabama, by filing a complaint against Defendants Lloyd's of London, Lloyd's Market Association, The Certain Underwriters at Lloyd's, London (collectively, "Lloyd's"),

and Nations Roof Gulf Coast, LLC ("Nations Roof").[1]  (Doc. 1-2 at 8-95).

In the complaint, Plaintiff alleges that it hired Nations Roof to replace the roofs of its sanctuary and administration/education buildings after Hurricane Sally caused extensive damage to its church property in September 2020.  (Id. at 9, 13).  Plaintiff alleges that it "began to observe moisture damage and leaking on the interior" of the buildings shortly after Nations Roof completed its work, and subsequent inspection revealed that Nations Roof had "failed to properly install the roof systems and associated components."  (Id. at 14).  Plaintiff states that Nations Roof "was provided with multiple opportunities to correct the deficiencies with both roof systems," but it "refused to address and/or correct the deficiencies."  (Id. at 15).  Plaintiff asserts causes of action against Nations Roof for negligence, wantonness, and violation of the Magnuson-Moss Warranty Act, seeking compensatory and punitive damages.  (Id. at 17-21).

Plaintiff further asserts that it notified Lloyd's of the water issues, but Lloyd's "blamed the damage on Nations Roof . .

---

[1] The complaint also names several fictitious defendants, "a practice which is allowed under the [Alabama] state procedural rules" but "is not generally recognized under the Federal Rules of Civil Procedure."  Collins v. Fingerhut Companies, Inc., 117 F. Supp. 2d 1283, 1285 n.1 (S.D. Ala. 2000).

. and failed to compensate Plaintiff under the Hurricane Sally insurance claim and/or a supplemental claim." (Id. at 14). Plaintiff alleges that Lloyd's failed to investigate its claim and failed to compensate it for the losses sustained as a result of Hurricane Sally. (Id. at 10-13). Plaintiff states that it "suffered substantial damage" as a result of the improper conduct of Lloyd's, including "loss of benefits owed under the Policy, the value of the monies due and loss of use and income." (Id. at 16). Plaintiff asserts causes of action against Lloyd's for breach of contract and bad faith failure to pay insurance proceeds and failure to investigate, seeking compensatory and punitive damages. (Id. at 15-17).

On July 3, 2024, Lloyd's filed an answer to Plaintiff's complaint in state court, which noted that "Defendants Certain Underwriters at Lloyd's, London Subscribing to Certificate No. RSK008907" were "improperly named in the Complaint as 'Lloyd's of London,' 'Lloyd's Market Association,' and 'the Certain Underwriters at Lloyd's, London.'" (Id. at 148-61).

**B.  Removal**

On October 9, 2024, Nations Roof removed this case to federal court with the consent of Lloyd's. (Doc. 1). In the notice of removal, Nations Roof asserts the existence of federal question jurisdiction pursuant to 28 U.S.C. § 1331, "because this action arises under the Magnuson-Moss Warranty Act and the amount in

controversy exceeds $50,000, as required by the Act." (Id. at 4-7). Nations Roof further asserts that this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. (Id. at 7-8). Nations Roof states that its removal is "timely pursuant to 28 U.S.C. § 1446(b) because Nations Roof has not been properly served." (Id. at 9).

### C.  Motion to Remand

On November 7, 2024, Plaintiff filed the instant motion to remand this action to state court. (Doc. 5). In the motion to remand, Plaintiff asserts that this action is due to be remanded (1) because Nations Roof's notice of removal was "untimely filed" more than thirty days after Nations Roof was "properly served" with the summons and complaint in accordance with Alabama law, and (2) because Nations Roof failed to show that this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. (Id. at 1-2).

Plaintiff contends that it served Nations Roof by certified mail on May 31, 2024, via Nations Roof's registered agent for service of process - "CSC Lawyers Incorporating Service, Inc. located at 150 South Perry Street, Montgomery, Alabama 36104." (Id. at 2, 5). Plaintiff states that "proof of such service was provided to Nations Roof's counsel, David Gersh, via e-mail on August 19, 2024," and "Nations Roof's attorney confirmed acceptance of the Summons and Complaint via email" on the same

4

day. (Id. at 6). Thus, Plaintiff posits that Nations Roof was also "properly served via its 'corporate counsel' on August 19, 2024." (Id.). Plaintiff states that its "counsel provided numerous extensions of time to [Nations Roof] to file an Answer to the Complaint" and "was extremely patient with Defendant Nations Roof and their attorneys by providing several extension of time for the Defendant to file an Answer or other responsive pleading." (Id.).

Plaintiff further argues in the motion to remand that Nations Roof has not shown the existence of federal question jurisdiction under 28 U.S.C. § 1331 because it has not demonstrated a "substantial federal question . . . so as to confer subject matter jurisdiction on this Court." (Id. at 7). Plaintiff posits that the "simple fact that the Plaintiff alleged the Magnuson-Moss Warranty Act in addition to state law causes of action does not confer substantial federal question jurisdiction upon this Court." (Id. at 8). Thus, Plaintiff maintains that "Nations Roof has failed to meet its burden of showing the existence of subject matter jurisdiction over a substantial federal question involving interpretation of federal law and this matter was improperly removed." (Id. at 9).

Plaintiff requests that the Court enter an order "remanding this matter to the Circuit Court of Mobile County, Alabama and further tax costs, expenses, and attorney's fees to Defendant

Nations Roof which were incurred by the Plaintiff as a result of this obviously improper removal." (Id.).

**D.   Response in Opposition to Motion to Remand**

In its response to Plaintiff's motion, Nations Roof denies that it was ever properly served with the summons and complaint in this case.  (Doc. 7 at 1-2).  Nations Roof asserts that "on April 28, 2017, Nations Roof changed the name and address of its registered agent to Corporation Service Company, Inc., 641 South Lawrence Street, Montgomery, Alabama 36104." (Id. at 3).  Nations Roof states that "Plaintiff attempted to serve Nations Roof by serving CSC Lawyers Incorporating Service, Inc. at 150 South Perry Street, Montgomery, Alabama 36104, but that was not Nations Roof's registered agent address at the time." (Id. at 2-3 (emphasis in original)).  Thus, Nations Roof contends that Plaintiff's May 31, 2024 service attempt was ineffective because it was made on Nations Roof's *former* registered agent at its *former* registered office address.  (Id. at 6).  Nations Roof states: "By contending that it attempted to serve Nations Roof through its registered agent at a former address, Plaintiff concedes that it did not properly serve Nations Roof . . . ." (Id.).

Nations Roof likewise contends that "emailing Nations Roof's general counsel a copy of the summons and complaint is not proper service of process." (Id.).  Nations Roof notes that "'strict compliance with the rules regarding service of process is

6

required'" under Alabama law, and it contends that Plaintiff cannot meet its burden of establishing proper service of process. (Id. at 7 (citation omitted)). Nations Roof asserts that its mere awareness of this "lawsuit does not constitute proper service of process under Alabama law, nor is that awareness a waiver of proper service." (Id. at 6). Nations Roof contends that it "was never properly served with a copy of the summons and the complaint, so its 30-day window to file a notice of removal was never triggered," and its removal was therefore not untimely. (Id. at 8).

Nations Roof further argues that "courts routinely hold that a claim under the Magnuson-Moss Warranty Act [creates] federal question jurisdiction under 28 U.S.C. § 1331." (Id. at 9-10 (collecting cases)). Nations Roof states that the substantial federal question doctrine "arises only when there is a state-law cause of action that turns on a question of federal law." (Id. at 12-13 (emphasis in original)). Thus, Nations Roof contends that "the substantial federal question doctrine does not apply in this case" because Plaintiff's complaint "asserted a cause of action under the Magnuson-Moss Warranty Act, which is a federal statute that creates this Court's federal question jurisdiction." (Id. at 12).

### E.   Reply in Support of Motion to Remand

In its reply brief, Plaintiff maintains its position that it properly served Nations Roof by certified mail via its registered

agent on May 31, 2024. Plaintiff states that Nations Roof's "Annual Report which was filed on March 27, 2024, approximately two (2) months prior to the filing of the present Complaint, identified the registered agent as CSC Lawyers Incorporating SRVC INC, located at 150 South Perry Street, Montgomery, Alabama 36104." (Doc. 10 at 4). Thus, Plaintiff contends that "the Summons and Complaint were properly served upon the registered agent Defendant Nations Roof had designated in its most recent filed Annual Report." (Id.). Plaintiff further argues that "at a minimum," Nations Roof was properly served in accordance with Federal Rule of Civil Procedure 4(h)(1)(B) when "the Summons, Complaint and Service Documents" were "delivered [by email] to [Nations Roof's] corporate counsel, as its general agent, on August 19, 2024." (Id. at 5). Thus, Plaintiff maintains that remand is warranted because it properly served Nations Roof more than thirty days prior to Nations Roof's "untimely filing" of the notice of removal. (Id. at 7).

**F.    Surreply in Opposition to Motion to Remand**

The Court granted Nations Roof leave to file a surreply to address the new law and arguments raised in Plaintiff's reply brief. (See Docs. 11, 12). In its surreply, Nations Roof first disputes Plaintiff's contention that it perfected service on Nations Roof by emailing Nations Roof's general counsel copies of the summons and complaint. (Doc. 13 at 1-3). Nations Roof asserts

that "[t]his is <u>not</u> proper service of process" because: (1) "Rule 4 of the Federal and Alabama Rules of Civil Procedure do not provide for service of process by email"; (2) "the Eleventh Circuit has made it abundantly clear that merely sending a copy of the complaint and summons by email does not constitute proper service of process"; and (3) "the Eleventh Circuit has also made it clear that a defendant's actual notice of the lawsuit does not itself excuse or establish valid service under <u>Fed. R. Civ. P. 4</u> . . . [and] notice to a defendant's attorney does not either." (<u>Id.</u> at 1-2 (emphasis in original) (quotations omitted)).

Nations Roof further asserts that a "cursory review of the Alabama Secretary of State website confirms" that its current registered agent name and registered office address are "readily and publicly available." (<u>Id.</u> at 3). Nations Roof provides a screenshot from the Alabama Secretary of State's online business entity records, which list the registered agent name and registered office address for Nations Roof as "CORPORATION SERVICE COMPANY INC, 641 SOUTH LAWRENCE STREET, MONTGOMERY, AL 36104." (<u>Id.</u> at 4). Nations Roof provides a screenshot from the same business entity records reflecting that Nations Roof's "Registered Agent Changed From" "CSC-LAWYERS INCORPORATING SRVC INC, 150 SOUTH PERRY STREET, MONTGOMERY, AL 36104" on "04/28/2017." (<u>Id.</u>). Nations Roof also includes a screenshot from the same business entity records indicating that "the Registered Agent Change Form has been

available publicly since April 28, 2017," and is available for purchase online. (Id. at 5). Thus, Nations Roof contends that "Plaintiff had all the information necessary to properly serve Nations Roof but failed to do so." (Id.).

Having been fully briefed, Plaintiff's motion to remand is ripe for resolution.

## II.  DISCUSSION

### A.  Subject Matter Jurisdiction

Plaintiff's motion to remand challenges this Court's subject matter jurisdiction, so the undersigned must address this issue first. Removal of a civil case from state to federal court is proper only if the case could have originally been brought in federal court. See 28 U.S.C. § 1441(a). "A removing defendant must establish the propriety of removal under 28 U.S.C. § 1441 and, therefore, must demonstrate the existence of federal jurisdiction." Whitney Nat. Bank v. Lakewood Invs., 2011 U.S. Dist. LEXIS 83775, at *7, 2011 WL 3267160, at *2 (S.D. Ala. July 28, 2011); see Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294 (11th Cir. 2008); Friedman v. New York Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999). "Indeed, all doubts about jurisdiction should be resolved in favor

of remand to state court." Id.

"Absent diversity of citizenship, federal-question jurisdiction is required." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, 482 U.S. at 392. "As a general rule, a case arises under federal law only if it is federal law that creates the cause of action." Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996); see also Smith v. GTE Corp., 236 F.3d 1292, 1310 (11th Cir. 2001) ("A well-pleaded complaint presents a federal question where it establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.") (quotation omitted). "These principles apply with equal force in the removal context." Smith v. Pickens, 2017 U.S. Dist. LEXIS 178954, at *4, 2017 WL 4876785, at *2 (S.D. Ala. Oct. 27, 2017).

As noted previously, Nations Roof removed this case based on its contention that there is federal question jurisdiction under 28 U.S.C. § 1331 because count five of Plaintiff's complaint claims

that Nations Roof violated the Magnuson-Moss Warranty Act, 15
U.S.C. § 2301 *et seq.* ("MMWA").  "The MMWA creates two causes of
action: (1) a federal right of action for breach of an express or
implied warranty, and (2) a right of action for violations of the
Act's requirements, such as not disclosing terms and conditions or
improperly disclaiming implied warranties." Sorrentino v. FCA, US
LLC, 2019 U.S. Dist. LEXIS 246193, at *5, 2019 WL 13224961, at *2
(S.D. Fla. July 29, 2019) (quoting Kuns v. Ford Motor Co., 926 F.
Supp. 2d 976, 983 (N.D. Ohio), aff'd, 543 F. App'x 572 (6th Cir.
2013)).  "The MMWA is a somewhat unique federal statute in that
merely alleging a violation of the act is insufficient to confer
federal question jurisdiction; a separate $50,000 amount in
controversy requirement must also be satisfied." Schultz v. Gen.
R.V. Ctr., 512 F.3d 754, 757 (6th Cir. 2008).[2]

---

[2] According to the MMWA: "No claim shall be cognizable [in federal
court] . . . if the amount in controversy is less than the sum or
value of $50,000 (exclusive of interests and costs) computed on
the basis of all claims to be determined in this suit." See 15
U.S.C. § 2310(d)(3)(B).  The "relevant amount in controversy is
that applicable to [Plaintiff's] MMWA cause of action, not that
for [its] pendent state-law claims." Parker v. Exterior
Restorations, Inc., 2021 U.S. Dist. LEXIS 240280, at *10, 2021 WL
6335336, at *4 (S.D. Ala. Dec. 16, 2021).

> [T]o calculate the amount in controversy for an MMWA
> claim, courts must "resort to state law . . . in
> determining the applicable measure of damages."
> MacKenzie v. Chrysler Corp., 607 F.2d 1162, 1166 (5th
> Cir. 1979).  And, under Alabama law, damages recoverable
> under a breach of warranty claim are measured by "the
> difference . . . between the value of the goods accepted

In its motion to remand, Plaintiff asserts that its cause of action under the MMWA does not confer federal question jurisdiction under 28 U.S.C. § 1331 because it does not require resolution of a "substantial federal question." (See Doc. 5 at 7-9). In its response, Nations Roof argues that "the substantial federal question doctrine does not apply in this case" because Plaintiff "asserted a cause of action under the [MMWA], which is a federal statute that creates this Court's federal question jurisdiction." (Doc. 7 at 12). Nations Roof expounds that the "substantial federal question doctrine arises only when there is a <u>state-law</u>

---

and the value they would have had if they had been as warranted," though "any incidental and consequential damages . . . may also be recovered." Ala. Code § 7-2-714(2)-(3).

<u>Brown v. Ford Motor Co.</u>, 2021 U.S. Dist. LEXIS 115113, at *13 n.4, 2021 WL 2533020, at *5 n.4 (N.D. Ala. June 21, 2021).

Nations Roof asserts that the requisite amount in controversy for a claim under the MMWA "is readily met" in this case, "considering that (1) the value of the roofs installed by Nations Roof exceeded $324,386, and Plaintiff claims the roofs were not installed as warranted; (2) Plaintiff claims it suffered 'significant damages' as a result of the work performed by Nations Roof, including 'subsequent damage on the interior' of the property; (3) Plaintiff claims it has incurred loss of income 'due to the inability of the Church to host weddings, receptions and other events for which the Church previously received compensation compensated for, as well as a substantial loss of tithes and offerings due to a significant reduction in attendance and members'; and (4) Plaintiff demands a judgment against [Nations Roof] under the Magnuson-Moss Warranty Act as a result of the work performed by Nations Roof." (Doc. 1 at 6-7 (citing Doc. 1-2 at 11, 14, 18-20); <u>see also</u> Doc. 1-2 at 94). Plaintiff does not appear to dispute that its claim exceeds the MMWA's $50,000 jurisdictional threshold. (See Doc. 5).

<u>cause of action</u> that turns on a question of federal law" and "does not apply when, like here, there is a federally created cause of action, pleaded independent of the other state law causes of action." (<u>Id.</u> at 12-13 (emphasis in original) (citing <u>Jairath v. Dyer</u>, 154 F.3d 1280, 1282 (11th Cir. 1998))). Plaintiff appears to concede the correctness of Nations Roof's argument, since it does not even mention the jurisdictional issue in its reply. (<u>See</u> Doc. 10).[3]

As argued by Nations Roof, the "substantial federal question doctrine" relied on by Plaintiff does not apply in this case because Plaintiff's complaint asserts a cause of action created by a federal statute. <u>Cf.</u> <u>Edwards v. Mashego</u>, 2019 U.S. Dist. LEXIS 96448, at *11 n.2, 2019 WL 2409068, at *3 n.2 (N.D. Ala. June 7, 2019) ("In their Motion to Remand, Plaintiffs cite several cases discussing the 'substantial-federal-question' jurisdiction doctrine. However, the 'substantial-federal-question' doctrine is

---

[3] Plaintiff's failure to address Nations Roof's jurisdictional arguments altogether on reply arguably amounts to an abandonment of its initial argument that federal question jurisdiction is absent. <u>See</u> <u>Gibbons v. McBride</u>, 124 F. Supp. 3d 1342, 1373 (S.D. Ga. 2015) ("Defendants abandoned any challenge to the [plaintiff's argument] when they failed to address it in their reply brief."); <u>West Flagler Assocs., Ltd. v. City of Miami</u>, 407 F. Supp. 3d 1291, 1297 (S.D. Fla. 2019) ("The Defendant abandoned its argument regarding the Plaintiff's standing because its Reply failed to address any of the Defendant's [sic] arguments or authority."). In any event, regardless of whether or not it has been abandoned, Plaintiff's contention that federal question jurisdiction is absent is without merit.

inapplicable in this case because the face of Plaintiffs' complaint presents a federal question under Section 1983.") (internal citations omitted). Indeed, as Nations Roof notes (see Doc. 7 at 9-11), courts routinely hold that a claim under the MMWA gives rise to federal question jurisdiction under 28 U.S.C. § 1331, provided that the MMWA's $50,000 amount in controversy is met, as it undisputedly is here. See, e.g., Murphy v. S. Energy Homes, Inc., 2008 U.S. Dist. LEXIS 19839, at *1-2, 2008 WL 652902, at *1 (M.D. Ala. Mar. 6, 2008) ("The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because the Plaintiff's claims arise under a law of the United States, specifically the Magnuson-Moss Warranty Federal Trade Commission Improvement Act, 15 U.S.C. § 2310, et seq. . . . ."); Hicks v. CMH Homes, Inc., 2022 U.S. Dist. LEXIS 147532, at *2, 2022 WL 3221287, at *1 (M.D. Ala. Aug. 9, 2022) ("The Court has jurisdiction over the MMWA claim pursuant to its federal question jurisdiction, see 28 U.S.C. § 1331 . . . ."); Watkins v. Great S. Wood Preserving, Inc., 2022 U.S. Dist. LEXIS 176061, at *5, 2022 WL 4538833, at *2 (N.D. Ala. Sept. 28, 2022) ("Jurisdiction is proper under the MMWA when the plaintiff alleges noncompliance with the Act and the amount in controversy exceeds $50,000.") (citing 28 U.S.C. § 1331; 15 U.S.C. § 2301-2312); Nebus Fam. Ltd. P'ship v. Newmar Corp., 2011 U.S. Dist. LEXIS 7925, at *2, 2011 WL 308175, at *1 (M.D. Fla. Jan. 27, 2011) ("While a claim under the Magnuson-Moss Warranty Act would

normally 'arise under' a federal statute for purposes of 28 U.S.C. § 1331, the specific jurisdictional provision precludes federal jurisdiction in the absence of an amount in controversy over $50,000.00."); Sparger v. Newmar Corp., 2013 U.S. Dist. LEXIS 198763, at *3, 2013 WL 12084297, at *1 (S.D. Fla. Jan. 31, 2013) (concluding that the court had original jurisdiction over action under 28 U.S.C. § 1331 "based on Plaintiffs' federal causes of action under the Magnuson-Moss Warranty Act" when it was clear from the record that the amount in controversy exceeded $50,000); Parker v. Exterior Restorations, Inc., 2021 U.S. Dist. LEXIS 240280, at *3, 13, 2021 WL 6335336, at *1, 6 (S.D. Ala. Dec. 16, 2021) (denying motion to remand where the defendant's "jurisdictional theory for removal was that plaintiffs' claim under the Magnuson-Moss Warranty Act supports federal question jurisdiction under 28 U.S.C. § 1331, and [where defendant] removed the action to federal court within 30 days after it was first ascertainable that plaintiffs' Magnuson-Moss Warranty Act claim satisfies the $50,000 threshold for removal jurisdiction over such a claim"). Accordingly, Nations Roof has met its burden of demonstrating this Court's original jurisdiction over this action under 28 U.S.C. § 1331.

### B.    Timeliness of Removal

Plaintiff also contends that Nations Roof's removal of this action was untimely because the notice of removal was filed more

than thirty days after Nations Roof was served with the summons and complaint. (Doc. 5 at 5-6). According to Plaintiff, it properly served Nations Roof with the summons and complaint by certified mail via its registered agent on May 31, 2024, and by email via its "corporate counsel" on August 19, 2024. (<u>Id.</u>). Because Nations Roof did not remove this action within thirty days of either of those dates, Plaintiff asserts that Nations Roof's removal was untimely, and that remand is therefore warranted. (<u>Id.</u>). Nations Roof counters that its removal was not untimely because it was never properly served with process, and the thirty-day time limit for removal was therefore never triggered. (Doc. 7 at 7-8).

When a case is removable based on the allegations of the initial complaint, 28 U.S.C. § 1446(b)(1) imposes a thirty-day time limit for removal:

> **The notice of removal** of a civil action or proceeding **shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based**, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1) (emphasis added).[4] Although "§ 1446's time

---

[4] Under the "last-served" defendant rule, codified under § 1446(b)(2)(B)-(C), each defendant may "file a timely motion for removal within thirty days of receipt of service by that . . .

requirement is not jurisdictional," a "[t]imely objection to a late petition for removal will . . . result in remand." <u>Webster v. Dow United Techs. Composite Prods., Inc.</u>, 925 F. Supp. 727, 729 (M.D. Ala. 1996).[5]

The Supreme Court has made clear that the removal deadline in § 1446(b) "is triggered by simultaneous service of the summons and complaint," and that the statute's "through service or otherwise" language "was not intended to bypass service as a starter for § 1446's clock." <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 347-48, 355 (1999). Thus, "mere receipt of the complaint unattended by any formal service" is not sufficient to trigger a defendant's time to remove. <u>Id.</u> at 348. "[T]he 30-day period for removal does not commence until a plaintiff has properly served process." <u>Colvin v. Brennan</u>, 2020 U.S. Dist. LEXIS 215914, at *4, 2020 WL 7265934, *2 (M.D. Ala. Nov. 17, 2020), <u>report and recommendation adopted</u>, 2020 U.S. Dist. LEXIS 232300, 2020 WL 7265365 (M.D. Ala. Dec. 10, 2020). "Even where a defendant

---

defendant." <u>Bailey v. Janssen Pharmaceutica Inc.</u>, 536 F.3d 1202, 1204 (11th Cir. 2008). In other words, "earlier-served defendants who may have waived their right to independently seek removal . . . may nevertheless consent to a timely motion by a later-served defendant." <u>Id.</u> "In effect, a new thirty-day period begins when each defendant receives service." <u>Chakra 5, Inc. v. City of Miami Beach</u>, 968 F. Supp. 2d 1210, 1212 (S.D. Fla. 2013).

[5] An objection and request for remand is timely if "made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c).

has actual notice of the filing of a suit, service of process is ineffective where it does not comply with the rules of service." Hunt v. Nationstar Mortg., LLC, 782 F. App'x 762, 764 (11th Cir. 2019) (per curiam).

"[W]hen the propriety of removal is contingent upon the adequacy of service, 'the issue is really not one of removal, but rather is one of service.'" Jefferson Loft, LLC v. Constr. Enterprises, Inc., 2022 U.S. Dist. LEXIS 243965, at *8, 2022 WL 20437155, at *2 (N.D. Ala. Feb. 3, 2022) (quoting Davis v. Country Cas. Ins. Co., 2013 U.S. Dist. LEXIS 104149, at *14-15, 2013 WL 3874709, at *3 (N.D. Ala. July 25, 2013)).  "State law governs service of process that occurs before removal." Davis, 2013 U.S. Dist. LEXIS 104149, at *15, 2013 WL 3874709, at *3; see Usatorres v. Marina Mercante Nicaraguenses, S.A., 768 F.2d 1285, 1286 n.1 (11th Cir. 1985) ("A federal court may consider the sufficiency of process after removal and does so by looking to the state law governing process."); Racquet Club Apartments at Bonaventure 4 S. Condo. Ass'n v. U.S. Sec'y of Hous. & Urb. Dev., 2012 U.S. Dist. LEXIS 111835, at *10, 2012 WL 3244656, at *3 (S.D. Fla. Aug. 9, 2012) (noting that "the Federal Rules expressly provide that they apply to matters of procedure only *after* a case enters federal court") (emphasis in original) (citing Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."); Fed. R. Civ. P. 4, Practice Commentary (pre-

removal, "service in the state court action will of course have followed state law")).  "Therefore, state law must guide the inquiry into adequacy of service of process" prior to removal. Jefferson Loft, 2022 U.S. Dist. LEXIS 243965, at *7, 2022 WL 20437155, at *2.[6]

Section "1446(b)(1) sets a deadline for removal, not a 'window' for removal." Mayes v. Am. Hallmark Ins. Co. of Texas, 114 F.4th 1077, 1079 (9th Cir. 2024).  Thus, a party is permitted to remove an action to federal court prior to being formally served with process.  See Whitehurst v. Wal-Mart, 306 F. App'x 446, 448 (11th Cir. 2008) (per curiam) ("[N]othing in the removal statute, or any other legal provision, requires that a defendant be served with the complaint before filing a notice of removal."); Mayes, 114 F.4th at 1079 ("Even though § 1446(b)(1)'s 30-day removal time limit does not start to run until the defendant has both received the complaint and been formally served, that does not mean that a defendant cannot remove until it has both received the complaint and been formally served . . . ."); Novak v. Bank of New York Mellon Tr. Co., NA., 783 F.3d 910, 911 (1st Cir. 2015) (per curiam)

---

[6] "Although the removing party bears the initial burden to show removal is proper, '[o]nce the sufficiency of service is brought into question, the plaintiff has the burden [to prove] proper service of process.'"  First Sw. Fin. Servs., LLC v. Dawkins Home, Inc., 2019 U.S. Dist. LEXIS 227540, at *6 n.2, 2019 WL 7945684, at *2 n.2 (S.D. Fla. July 3, 2019) (quoting Hyundai Merch. Marine Co. Ltd. v. Grand China Shipping (Hong Kong) Co. Ltd., 878 F. Supp. 2d 1252, 1263 (S.D. Ala. 2012)).

(concluding "that service is generally not a prerequisite for removal and that a defendant may remove a state-court action to federal court any time after the lawsuit is filed but before the statutorily-defined period for removal ends"); La Russo v. St. George's Univ. Sch. of Med., 747 F.3d 90, 97 (2d Cir. 2014) ("Service of process upon a removing defendant is not a prerequisite to removal."); Delgado v. Shell Oil Co., 231 F.3d 165, 177 (5th Cir. 2000) ("Generally, service of process is not an absolute prerequisite to removal."); Bowman v. PHH Mortg. Corp., 423 F. Supp. 3d 1286, 1290 (N.D. Ala. 2019) ("This court accepts that, generally, a defendant may remove before service."); Sasser v. Fla. Pond Trucking, L.L.C., 2016 U.S. Dist. LEXIS 91602, at *14, 2016 WL 3774125, at *5 (M.D. Ala. June 24, 2016) ("[T]he fact that ETC, an out-of-state defendant, was not formally served with the complaint does not preclude him from filing a notice of removal."), report and recommendation adopted, 2016 U.S. Dist. LEXIS 91434, 2016 WL 3769754 (M.D. Ala. July 14, 2016).

Accordingly, the Court must determine in this action whether Plaintiff's attempts to serve process on Nations Roof were sufficient under Alabama law in order to determine whether Nations Roof's subsequent removal was timely. See Davis, 2013 U.S. Dist. LEXIS 104149, at *15, 2013 WL 3874709, at *3.

### 1.   Attempted Service Via Registered Agent

Alabama Rule of Civil Procedure 4(i)(2) permits service of

21

process by certified mail.   Alabama Rule 4(i)(2)(B)(ii) states
that "[i]n the case of an entity within the scope of one of the
subdivisions of [Alabama] Rule 4(c)," an attorney or party making
service by certified mail must address the summons and complaint
to "a person described in the appropriate subdivision."   Ala. R.
Civ. P. 4(i)(2)(B)(ii).   The "appropriate subdivision" – Alabama
Rule 4(c)(6) – provides that service of process on a limited
liability company "shall be made . . . by serving an officer, a
partner (other than a limited partner), a managing or general
agent, or any agent authorized by appointment or by law to receive
service of process."   Ala. R. Civ. P. 4(c)(6).

Alabama Rule 4(i)(2)(C) governs when service by certified
mail is effective:

> Service by certified mail shall be deemed complete and
> the time for answering shall run from the date of
> delivery to the named addressee or the addressee's agent
> as evidenced by signature on the return receipt.   Within
> the meaning of this subdivision, "agent" means a person
> or entity specifically authorized by the addressee to
> receive the addressee's mail and to deliver that mail to
> the addressee.   Such agent's authority shall be
> conclusively established when the addressee acknowledges
> actual receipt of the summons and complaint or the court
> determines that the evidence proves the addressee did
> actually receive the summons and complaint in time to
> avoid a default.

Ala. R. Civ. P. 4(i)(2)(C).

Thus, Alabama "Rule 4 plainly and specifically provides that
service on a business entity by certified mail requires the mailing
to be addressed to an 'officer, a partner (other than a limited

partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process.'"  <u>Ex parte LERETA, LLC</u>, 226 So. 3d 140, 145 (Ala. 2016).  "To be effective, the certified mail must be delivered to that addressee or that addressee's authorized agent."  <u>Id.</u>

"Under Alabama law, a registered agent 'is an agent of the entity on which may be served any process, notice, or demand required or permitted by law to be served on the entity.'"  <u>Hancock Whitney Bank v. FLC Living, LLC</u>, 2024 U.S. Dist. LEXIS 221055, at *9, 2024 WL 5010843, at *4 (S.D. Ala. Dec. 6, 2024) (quoting Ala. Code § 10A-1-5.31(b)(1)).  As noted previously, service of process on a limited liability company may be made by serving, <i>inter alia</i>, "any agent authorized by appointment or by law to receive service of process."  Ala. R. Civ. P. 4(c)(6).  "Thus, the summons and complaint may be addressed to the registered agent of a [company]," and "service may be deemed complete when signed for by a person authorized to receive the registered agent's mail."  <u>SJS, Inc. v. Recticel N. Am., Inc.</u>, 2009 WL 10689104, at *3 (N.D. Ala. Feb. 23, 2009).

"In interpreting Rule 4, the Alabama Supreme Court has given a clear admonishment: 'strict compliance with the rules regarding service of process is required.'"  <u>Jefferson Loft</u>, 2022 U.S. Dist. LEXIS 243965, at *9-10, 2022 WL 20437155, at *3 (quoting <u>Ex Parte Pate</u>, 673 So. 2d 427, 429 (Ala. 1995)).  "Reflecting the gravity

of Rule 4's command, even actual knowledge of an action will not confer personal jurisdiction if the plaintiff neglects a rigid adherence to Rule 4." <u>Jefferson Loft</u>, 2022 U.S. Dist. LEXIS 243965, at *10, 2022 WL 20437155, at *3 (citing <u>Ex Parte Sawyer</u>, 984 So. 2d 1100, 1111 (Ala. 2007)).

Plaintiff asserts that on May 31, 2024, it served a copy of the summons and complaint on Nations Roof by certified mail "via its registered agent [CSC Lawyers Incorporating Service, Inc.] at 150 South Perry Street, Montgomery, Alabama 36104." (Doc. 5 at 5; Doc. 10 at 2; <u>see</u> Doc. 5-1). Nations Roof counters that CSC Lawyers Incorporating Service, Inc. was not the name of its registered agent at the time Plaintiff attempted service, nor was 150 South Perry Street, Montgomery, Alabama 36104, the address of its registered office. (Doc. 7 at 5). Rather, Nations Roof maintains that on April 28, 2017, it "properly changed the name and address of its registered agent with the Alabama Secretary of State" **<u>from</u>** CSC Lawyers Incorporating Service, Inc., 150 South Perry Street, Montgomery, Alabama 36104, **<u>to</u>** Corporation Service Company, Inc., 641 South Lawrence Street, Montgomery, Alabama 36104. (<u>Id.</u>; <u>see</u> Doc. 7-1). According to Nations Roof, Plaintiff's assertion that "it attempted to serve Nations Roof through its registered agent at a former address" amounts to a concession that it did not properly serve Nations Roof in strict compliance with the Alabama service rules. (Doc. 7 at 6).

24

In response to Nations Roof's argument, Plaintiff states:

A review of the business entity records on file with the Alabama Secretary of State indicates that Nations Roof identified three (3) different registered agents from 2016 through 2017. . . . In that regard, Nations Roof has previously identified the following three different registered agents for service of process – (1) Corporation Service, Company, Inc., located at 641 South Lawrence Street, Montgomery, Alabama 36104; (2) Business Filings, Incorporated located at 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104; and (3) CSC-Lawyers Incorporating SRVC INC., located at 150 South Perry Street, Montgomery, Alabama 36104. It appeared the most recent registered agent change took place on April 28, 2017. Accordingly, at the time the present Complaint was filed, [Plaintiff's] counsel accessed the most recently filed Annual Report to ensure that the proper agency was served with the Summons and Complaint. As noted herein, the Annual Report which was filed on March 27, 2024, approximately two (2) months prior to the filing of the present complaint, identified the registered agent as CSC Lawyers Incorporating SRVC INC, located at 150 South Perry Street, Montgomery, Alabama 36104. Thus, the Summons and Complaint were properly served upon the registered agent Defendant Nations Roof had designated in its most recently filed Annual Report.

Defendant Nations Roof created an ambiguity by identifying two different agents for service of process in its filings with the Alabama Secretary of State, i.e. via its Registered Agent Change Form which is **not** accessible on the Secretary of State website and via the Annual Report which **is** accessible on the Secretary of State website and was more recently filed approximately two months prior to the filing of the present Complaint.

(Doc. 10 at 3-4 (emphasis in original)). Plaintiff contends that "[t]his ambiguity should be construed against Nations Roof," and that Plaintiff should be deemed to have properly served Nations Roof on May 31, 2024, via "the registered agent . . . Nations Roof had designated in its most recently filed Annual Report." (Id. at

4).

Nations Roof replies that a "cursory review of the Alabama Secretary of State website" contradicts Plaintiff's assertion that Nations Roof's "Registered Agent Change Form is . . . **not** accessible on the Secretary of State website" and instead "confirms that this information is readily and publicly available." (Doc. 13 at 3 (emphasis in original)). Nations Roof states that the Alabama Secretary of State's website "confirms that Nations Roof filed a Registered Agent Change Form on April 28, 2017," which "has been available publicly since April 28, 2017." (Id. at 4-5 (emphasis in original)). Nations Roof further asserts that the Alabama Secretary of State's website "clearly identifies Nations Roof's registered agent name and address" as "Corporation Service Company, Inc. at 641 South Lawrence Street, Montgomery, Alabama 36104." (Id. at 3-4).

Having considered the parties' arguments and the record, the Court finds that Plaintiff's attempt to serve Nations Roof by certified mail on May 31, 2024, was ineffective. The record reflects that a "Change By Agent of Agent Name and/or Registered Office Address" form was filed and accepted by the Alabama Secretary of State's office on April 28, 2017.[7]  This resulted in

---

[7] Alabama Code § 10A-1-5.33 provides that an entity's registered agent "may change its name, its address as the address of the entity's registered office, or both, by delivering to the Secretary

the registered agent name and registered office address for Nations
Roof being changed from "CSC-LAWYERS INCORPORATING SRVC INC, 150
SOUTH PERRY STREET, MONTGOMERY, AL 36104" to "Corporation Service
Company, Inc., 641 South Lawrence Street, Montgomery, AL 36104."
(See Doc. 7-1).  This change is clearly reflected in the Alabama
Secretary of State's business entity records for Nations Roof,[8]
which confirm that (1) Nations Roof's most recent registered agent
change took place on April 28, 2017;[9] (2) Nations Roof's registered
agent changed **from** "CSC-LAWYERS INCORPORATING SRVC INC, 150 SOUTH

---

of State for filing a statement of the change" which complies with
specific statutory requirements.  See Ala. Code § 10A-1-5.33(a)-
(b).  The change is effective "on acceptance of the statement by
the Secretary of State."  Id. at § 10A-1-5.33(c).

[8] For the Alabama Secretary of State's records for Nations Roof,
see "Business    Entity    Records,"    at    https://arc-
sos.state.al.us/cgi/corpdetail.mbr/detail?corp=000346806&page=na
me&file=&type=ALL&status=ALL&place=ALL&city= (last visited Jan.
8, 2025).  The Court takes judicial notice of the Alabama Secretary
of State's public business entity records.  See United States ex
rel. McCutcheon v. QBR, LLC, 2024 U.S. Dist. LEXIS 181014, at *3
n.2, 2024 WL 4403709, at *1 n.2 (N.D. Ala. Oct. 3, 2024);
Birmingham Plumbers v. Iron Mountain Constr., Inc., 2016 U.S. Dist.
LEXIS 102202, at *8-9 n.2, 2016 WL 4137972, at *3 n.2 (N.D. Ala.
Aug. 4, 2016) ("Federal Rule of Evidence 201 provides that a court
may take judicial notice of a fact that is not subject to
reasonable dispute if it can be accurately and readily determined
from sources whose accuracy cannot reasonably be questioned." Fed.
R. Evid. 201(b)(2). The information found on the website of the
Alabama Secretary of State falls within the purview of Rule
201(b)(2).").

[9] Plaintiff acknowledges that at the time it attempted service on
Nations Roof in May 2024, "[i]t appeared the most recent registered
agent change [for Nations Roof] took place on April 28, 2017."
(See Doc. 10 at 4).

PERRY STREET, MONTGOMERY, AL 36104" on April 28, 2017; (3) Nations Roof's **current** registered agent name is "CORPORATION SERVICE COMPANY INC"; and (4) Nations Roof's **current** registered office street and mailing address is "641 SOUTH LAWRENCE STREET, MONTGOMERY, AL 36104." (See Doc. 7-2 at 2; Doc. 10-1 at 1; Doc. 13 at 4).[10]

In support of its assertion that it properly served Nations Roof in May 2024, Plaintiff relies heavily on the fact that Nations Roof's most recent annual report erroneously listed "CSC-LAWYERS INCORPORATING SRVC INC" as the company's agent and thereby allegedly "created an ambiguity by identifying two different agents for service of process in its filings with the Alabama Secretary of State." (Doc. 10 at 4; see Doc. 5-2). As outlined above, however, the name and address for Nations Roof's registered agent changed on April 28, 2017, when Nations Roof or its agent delivered to the Alabama Secretary of State for filing a statement of the change pursuant to Alabama Code § 10A-1-5.33. (See Doc. 7-1). Plaintiff does not dispute that this filing effectively changed the registered agent name and registered office address for Nations Roof to "Corporation Service Company, Inc., 641 South Lawrence Street, Montgomery, AL 36104." Nor does Plaintiff offer

---

[10] There is no indication or assertion that the relevant information listed in the Alabama Secretary of State's business entity records for Nations Roof filed by the parties has changed since Plaintiff attempted service on Nations Roof in May 2024.

any authority to support the proposition that annual reports filed by Nations Roof after April 28, 2017, were legally sufficient to effect a change of the company's registered agent name and registered office address.

Plaintiff's assertion that Nations Roof's erroneous annual report "created an ambiguity" as to the proper name and address of its registered agent is unpersuasive, given that the Alabama Secretary of State's online business entity records plainly listed the correct registered agent and registered office information for Nations Roof. Nor has Plaintiff proffered anything that suggests that the registered agent information contained in Nation Roof's annual report somehow trumps the registered agent information prominently displayed in the Alabama Secretary of State's online business entity records for the company.[11] Moreover, contrary to Plaintiff's assertion that Nations Roof's April 28, 2017 "Registered Agent Change Form . . . is **not** accessible on the Secretary of State website" (see Doc. 10 at 4 (emphasis in original)), copies of the document are readily available for

---

[11] The Court also notes that the Alabama Secretary of State's business entity records do not list CSC-Lawyers Incorporating Service Incorporated as an existing company. Rather, those records reflect that CSC-Lawyers Incorporating Service Incorporated was a previous fictitious name for Corporation Service Company, which was changed on March 20, 2017. See https://arc-sos.state.al.us/cgi/corpdetail.mbr/detail?corp=000895085&page=name&file=V&type=ALL&status=ALL&place=ALL&city= (last visited Jan. 8, 2025).

purchase on the Alabama Secretary of State's website.

In sum, Nations Roof's current registered agent information was readily accessible to Plaintiff through the Alabama Secretary of State's publicly available business entity records at the time Plaintiff attempted service. Thus, Plaintiff cannot credibly claim that it should be deemed to have properly served Nations Roof by mailing a copy of the summons and complaint to Nations Roof's *former* registered office address. See Jefferson Loft, 2022 U.S. Dist. LEXIS 243965, at *11, 2022 WL 20437155, at *3 (noting that "attempted service is not service").

### 2. Attempted Service Via Corporate Counsel

Plaintiff also asserts that it properly served Nations Roof on August 19, 2024, when Plaintiff's counsel's paralegal emailed copies of the complaint and purported proof of service documents to Nations Roof's "corporate counsel," who confirmed receipt. (Doc. 5 at 6; Doc. 10 at 5). Plaintiff contends that this constituted proper service of Nations Roof under Federal Rule of Civil Procedure 4(h)(1)(B). (Doc. 10 at 5). Nations Roof counters that this was not proper service because the Federal and Alabama Rules of Civil Procedure do not provide for service of process by email, and a defendant or its attorney's actual notice of a lawsuit does not excuse or establish valid service of process. (Doc. 13 at 1-2).

Plaintiff's assertion that it properly served Nations Roof

through its corporate counsel fails for several reasons. First, Plaintiff's reliance on *Federal* Rule 4(h)(1)(B) to establish proper service of process prior to removal is misplaced because *state law* governs whether pre-removal service was proper. Cf. Wasowicz v. United States, 2008 WL 4097794, at *1 (S.D. Fla. Sept. 2, 2008) ("The Government assumes that the Federal Rules of Civil Procedure applied to Plaintiff's state-court action against Mr. Foster. It cites no authority for this proposition, and the Court has found none. Therefore, the failure-to-serve argument will be rejected as Florida rules of procedure applied to this action during its pendency in Florida state court."). Plaintiff neither asserts nor cites any authority suggesting that Alabama law generally permits service of process on a limited liability company by email, whether sent to the company's general counsel or otherwise. See Ala. R. Civ. P. 4; Potomac Insulation & Drywall, LLC v. Capitol Mach. Int'l, LLC, 2018 U.S. Dist. LEXIS 243833, at *16, 2018 WL 11318743, at *6 (N.D. Ala. July 31, 2018) ("Potomac does not cite, nor is the court otherwise aware of, any federal or Alabama procedural rule generally allowing service of process upon a domestic defendant by email, whether sent to defense counsel or otherwise."). The Court notes that Alabama Rule 4(h) provides that "[a] defendant may accept or waive service of process by a document signed by the defendant and filed with the clerk of court from which the process issued." Ala. R. Civ. P. 4(h). However,

there is no evidence that Nations Roof, whether through its general counsel or otherwise,[12] accepted or waived service of process in conformity with Alabama Rule 4(h).  (See Doc. 1-2).

Further, Federal Rule 4(h)(1)(B) allows a plaintiff to serve a limited liability company such as Nations Roof "by *delivering* a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant."  Fed. R. Civ. P. 4(h)(1)(B) (emphasis added).  Courts have found that "delivering" under Federal Rule 4 requires personal delivery, not mailing.  See, e.g., E. Shore Marine, Inc. v. Smith, 2008 U.S. Dist. LEXIS 18795, at *4, 2008 WL 697716, at *2 (S.D. Ala. Mar. 10, 2008) ("'Delivery' under Rule 4 requires personal delivery, not mailing."); Morris v. City of Orlando, 2010 U.S. Dist. LEXIS 72367, at *6, 2010 WL 2836623, at *2 (M.D. Fla. July 19, 2010) ("Mailing is not 'delivering' under Federal Rule of Civil Procedure 4."); Dyer v. Wal-Mart Stores, Inc., 318 F. App'x 843, 844 (11th Cir. 2009) (per curiam) (stating that the term "delivering" in Federal Rule 4(h)(1) "appears to refer to personal service," and upholding dismissal of

---

[12] "[A]s of August 1, 2004, [Alabama Rule 4(h)] was amended so that it no longer explicitly authorizes an attorney to accept or waive service of process on behalf of a defendant."  Looney v. State, 60 So. 3d 293, 299 (Ala. Civ. App. 2010).

*pro se* action on grounds of imperfect service where plaintiff's only attempt at service was sending a copy of the summons and complaint to the corporate defendant's registered agent by certified mail); <u>Daugherty v. Kagan</u>, 2020 U.S. Dist. LEXIS 260846, at *6, 2020 WL 12762595, at *3 (N.D. Ga. June 8, 2020) ("Federal . . . law on service of process require[s] 'personal service' – service by hand delivery of the complaint and summons."); <u>Thorpe v. Dumas</u>, 788 F. App'x 644, 648 (11th Cir. 2019) (per curiam) ("Service by certified mail generally does not constitute 'delivery' under subsections of Rule 4."). Therefore, Federal "Rule 4(h)(1)(B) does not permit service via email." <u>Shafik v. Aston Martin Lagonda of N. Am.</u>, 2024 U.S. Dist. LEXIS 43038, at *11, 2024 WL 1072868, at *4 (D. Conn. Mar. 12, 2024).

Additionally, the record does not reflect that Plaintiff emailed a copy of the summons to Nations Roof's corporate counsel along with the complaint and purported proof of service documents,[13] and service of the complaint without a summons is

---

[13] Plaintiff states that "a copy of the *Summons*, Complaint and service documents were delivered" to Nations Roof's corporate counsel on August 19, 2024. (Doc. 10 at 2 (emphasis added)). However, the exhibits attached to Plaintiff's motion to remand reflect that the documents emailed to Nations Roof's counsel on August 19, 2024, were: (1) a copy of the complaint including exhibits; (2) a certified mail return receipt reflecting delivery to Nations Roof's former registered office address on May 31, 2024; and (3) a state court notice of service dated May 31, 2024. (<u>See</u> Docs. 5-3, 5-4, 5-5). The exhibits do not reflect that a copy of the summons was attached to the email sent to Nations Roof's

insufficient to effect service of process under Federal Rule 4. See Daniels v. U.S. Dep't of Educ., 2009 U.S. Dist. LEXIS 81145, at *2, 2009 WL 2579363, at *1 (M.D. Fla. Aug. 18, 2009) ("Service of the complaint alone is insufficient to effect service of process."); Battle v. Burdeaux Steak & Seafood Inc., 2023 U.S. Dist. LEXIS 158626, at *5, 2023 WL 5810484, at *2 (S.D. Ga. Sept. 7, 2023) (finding service insufficient partly "because Plaintiff did not report including a summons with the pleadings"); Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint."); Fed R. Civ. P. 4(h)(1)(B) (requiring delivery of "a copy of the summons and of the complaint"). Thus, even if Federal Rule 4(h)(1)(B) did apply prior to removal, Plaintiff's purported attempt to serve Nations Roof by email through its corporate counsel would be insufficient.[14]

---

counsel on August 19, 2024. (See Doc. 5-4 at 1 ("Attachments: 2024.05.23 Plaintiff (Complaint and Exhibit A and B).pdf; 2024.05.31 Notice of Service Nations Roof.pdf; 2024.05.31 SIGNED Notice of Service Nations Roof.pdf"); Doc. 5-4 at 2 ("Cristi will email you a courtesy copy of the Complaint with exhibits and the proof of service in a moment."); Doc. 5-4 at 9-98). Nor do those exhibits reflect that Nations Roof's counsel specifically "confirmed acceptance of the Summons and Complaint via email" or "confirmed receipt of the Summons, Complaint and service documents via email on August 19, 2024," as Plaintiff suggests. (See Doc. 5 at 6; Doc. 5-3 at 1; Doc. 5-4 at 1-2, 9-98; Doc. 10 at 3).

[14] The case Plaintiff offers as "authority" for its assertion that it properly served Nations Roof in accordance with Federal Rule 4(h)(1)(B), United States v. Cornwell, 2020 U.S. Dist. LEXIS 23409, 2020 WL 674092, (M.D. Fla. Feb. 11, 2020), is plainly inapposite to the circumstances of this case. Most obviously, Cornwell was

Accordingly, the record does not reflect that Plaintiff perfected service on Nations Roof prior to the removal of this action. Because Nations Roof was not properly served, the removal clock under 28 U.S.C. § 1446(b)(1) had not started to run at the time this action was removed to federal court on October 9, 2024. Thus, Nations Roof's removal was not untimely, and Plaintiff's motion to remand is due to be denied.[15]

---

a case filed in federal court, where the Federal Rules of Civil Procedure govern matters of service of process, whereas the instant dispute involves the sufficiency of pre-removal service in a case filed in Alabama state court and is thus governed by state law. See Cornwell, 2020 U.S. Dist. LEXIS 23409, at *2, 2020 WL 674092, at *1. Cornwell is also distinguishable because it involved service by a certified process server at a defendant's place of business, as opposed to the purported email service in this case. (See Doc. 13 at 8); Cornwell, 2020 U.S. Dist. LEXIS 23409, at *14, 2020 WL 674092, at *5 ("Service of process on the potential claimant, Defendant Dr. Phillips Community Association, was completed on February 19, 2019 at its place of business located at 7400 Dr. Phillips Boulevard, Orlando, Florida 32819, by service on Troy Finnegan as General Counsel for the Association."). Finally, the process server in Cornwell delivered copies of both the summons and complaint to the defendant's general counsel, while the record in this case does not reflect that a copy of the summons was attached to the August 19, 2024 email to Nations Roof's counsel. (See Doc. 13 at 8).

[15] The Court notes that notwithstanding a "deficient attempt at service of process under state law," a plaintiff "may still perfect service after removal, under the provisions of federal law." Rentz v. Swift Transp. Co., 185 F.R.D. 693, 697 (M.D. Ga. 1998). In all cases removed from a state court to a federal district court "in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court." 28 U.S.C. § 1448.

## III. <u>CONCLUSION</u>

For the reasons stated above, it is recommended that Plaintiff's motion to remand and request for costs, expenses, and attorney's fees pursuant to 28 U.S.C. § 1447 (Doc. 5) be **DENIED**.

<u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the

Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **10th** day of **January, 2025.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**
