## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **SPRINGHILL AVENUE UNITED** ) | |
| **METHODIST CHURCH, INC.,** ) | |
|     **Plaintiff** ) | |
| ) | |
| **v.** ) | **Civil Action No. 1:24-00375-KD-B** |
| ) | |
| **LLOYD'S OF LONDON, et al.,** ) | |
|     **Defendants.** ) | |

### ORDER

This action is before the Court on the Motion to Compel Arbitration and Stay Claims Against Nations Roof Gulf Coast, LLC (Doc. 17), filed by Defendant Nations Roof Gulf Coast, LLC ("Nations Roof"). Upon consideration, and for the reasons below, the motion is **GRANTED**.

### I.   Background

Plaintiff Springhill Avenue United Methodist Church, Inc. ("Plaintiff") filed a complaint against Lloyd's of London, Lloyd's Market Association, Certain Underwriters at Lloyd's London (collectively, "Lloyd's"), and Nations Roof in the Circuit Court of Mobile County, Alabama. (Doc. 1-2). Nations Roof removed the case. (Doc. 1).

Plaintiff alleges that it hired Nations Roof to repair and replace roofs at Springhill Avenue United Methodist Church that were damaged during Hurricane Sally, but that Nations Roof did not do it correctly. (Doc. 1-2). Plaintiff asserts claims against Nations Roof for negligence (Count III), wantonness (Count IV), and violation of the Magnuson Moss Warranty-Federal Trade Commission Improvements Act ("Magnuson-Moss Warranty Act") (Count V). Plaintiff asserts claims against Lloyd's for breach of contract (Count I) and bad faith (Count II).

The contract between Plaintiff and Nations Roof for this work contained a binding arbitration provision stating that any disputes between the two "arising out of or relating to this

1

Agreement or breach thereof" would result in mediation. (Doc. 17-1 at 10 ¶ 25). Further, "[i]f mediation is not successful, arbitration shall be administered by and conducted in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association unless the parties mutually agree otherwise." (Id.).

## II.    Motion and Response

Nations Roof moves for an order compelling arbitration and staying all claims against it pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16. (Doc. 17). Nations Roof explains that Plaintiff Springhill Avenue Methodist Church, Inc. and Nations Roof entered into an arbitration agreement that covers the claims at issue. (Id. at 1). "Even if there was a question about the arbitrability of any claims, the parties delegated such question to an arbitrator." (Id.). Thus, Nations Roof argues that an "order compelling arbitration and staying the claims against Nations Roof is appropriate." (Id.).

The Court ordered Plaintiff Springhill Avenue Methodist Church, Inc. to respond on or before February 24, 2025, and the Court ordered Defendants to file any replies on or before March 5, 2025. (Doc. 20). Plaintiff's response indicated that Plaintiff's counsel conferred with Nation Roof's counsel and "the parties have reached an agreement whereby Plaintiff has consented to a Stay of this Matter pending Arbitration." (Doc. 21 at 1). No defendant filed a reply by March 5.

## III.    Law

Under the FAA, a district court shall stay a pending suit "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration" under a valid arbitration agreement. 9 U.S.C. § 3. Agreements to arbitrate are "specifically enforceable, . . . so long as the agreement is connected with a maritime transaction or a transaction involving foreign or interstate

commerce." 13D Charles Alan Wright, Arthur R. Miller & Richard D. Freer, Federal Practice & Procedure § 3569 (3d ed. 2024) (citing 9 U.S.C. § 2).

"The role of the courts is to 'rigorously enforce agreements to arbitrate.'" Hemispherx Biopharma, Inc. v. Johannesburg Consol. Investments, 553 F.3d 1351, 1366 (11th Cir. 2008) (quoting Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 221 (1985)). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24–25 (1983). "When confronted with litigants advancing both arbitrable and nonarbitrable claims, however, courts have discretion to stay nonarbitrable claims." Klay v. All Defendants, 389 F.3d 1191, 1204 (11th Cir. 2004). "In this instance, courts generally refuse to stay proceedings of nonarbitrable claims when it is feasible to proceed with the litigation." Id. "[T]he heavy presumption should be that the arbitration and the lawsuit will each proceed in its normal course." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 225 (1985) (White, J., concurring).

### IV.    Analysis

The Court is satisfied that Plaintiff and Nations Roof have a valid arbitration agreement that involves interstate commerce. To start, Nations Roof and Plaintiff have consented to arbitration. (Docs. 17, 21). Moreover, the FAA mandates arbitration. Plaintiff and Nations Roof agreed to arbitrate any disputes between the two related to their "Agreement or breach thereof." (Doc. 17-1 at 10 ¶ 25). Their Agreement involved the repair and replacement of roofs at Springhill Avenue United Methodist Church in Alabama. (Doc. 1-2). Nations Roof is a company formed in Delaware, and Nations Roof subcontracted with a company in Georgia for performance of certain roofing work in Alabama. (Doc. 17-1). Thus, the issues involved in this action against Nations Roof are "referable to arbitration." 9 U.S.C. § 3.

Llyod's has not indicated that the claims against it are arbitrable or that it is unfeasible to proceed with the litigation against it. Therefore, only the claims against Nations Roof are stayed.

**V.    Conclusion**

Nations Roof's motion, (Doc. 17), is **GRANTED**. This action is **STAYED with respect to Defendant Nations Roof**: negligence (Count III), wantonness (Count IV), and violation of the Magnuson-Moss Warranty Act (Count V).

**On or before June 7, 2025**, Plaintiff Springhill Avenue United Methodist Church, Inc. and Defendant Nations Roof Gulf Coast, LLC, shall file a **joint report** to advise the Court as to the status of the arbitration.

**DONE** and **ORDERED** this **7th** day of **March 2025**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**