IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SPRINGHILL AVENUE UNITED METHODIST CHURCH, INC  )<br>)<br>**Plaintiffs,**  )<br>)<br>LLOYD'S OF LONDON, LLOYD'S MARKET )<br>ASSOCIATION, THE CERTAIN  )<br>UNDERWRITERS AT LLOYD'S, LONDON, )<br>NATIONS ROOF GULF COAST, LLC,  )<br>)<br>**Defendants.**  )  | Case No. 1:24-cv-00375-KD-B |

## MOTION TO SEVER AND REMAND

COMES NOW Plaintiff SPRINGHILL AVENUE UNTED METHODIST CHURCH, INC. (hereinafter "Plaintiff") and files this Motion to Sever and Remand the Plaintiff's claims against Defendant THE CERTAIN UNDERWRITERS AT LLOYD'S, LONDON subscribing to Policy Number RSK008907 (hereinafter "Lloyd's") from the Plaintiff's claims which are currently stayed pending arbitration against NATIONS ROOF GULF COAST, LLC, (hereinafter "Nations Roof"), and to remand the Plaintiff's claims against Lloyd's to the Circuit Court of Mobile County, Alabama, due to a lack of Subject Matter Jurisdiction with this Court over the claims against Lloyds, and pursuant to the mandate set forth in 28 U.S.C. 1441 (c)(1) and (c)(2). As ground in support thereof, Plaintiff shows as follows.

### PROCEDURAL HISTORY

1.  Plaintiff's initial Complaint was filed in the Circuit Court of Mobile, County, Alabama alleging causes of action against Defendants Nations Roof and Lloyd's of London arising out of a Hurricane Sally insurance claim and subsequent roof leaks caused by the alleged

defective installation of the roof systems on the Plaintiff's Church buildings following Hurricane Sally.

2. On October 9, 2024, Defendant Nation's Roof removed this matter to this Court citing federal question jurisdiction, 28 U.S.C. § 1446(a), over Plaintiff's Magnuson-Moss Warranty Act claim which was only alleged against Defendant Nation's Roof via Count V of the Plaintiff's initial Complaint. [Doc 1].

3. Plaintiff previously filed a Motion to Remand this matter initially contending the Notice of Removal was untimely filed by Nation's Roof. This Honorable Court subsequently denied the Plaintiff's Motion to Remand and entered an Order confirming that this Court had jurisdiction pursuant to the federal question presented via the Plaintiff's Magnuson-Moss Warranty Act claim. [Doc. 15].

4. Thereafter, Defendant Nation's Roof filed a Motion to Stay all claims alleged against Nation's Roof only, and further compelling the Plaintiff to arbitrate all claims alleged against Nation's Roof which included the Magnuson-Moss Warranty Act claim which this Court concluded provided it with federal question jurisdiction. The Plaintiff and Defendant Nation's Roof agreed to a Stay of the Plaintiff's Claims alleged against Nation's Roof only, and the Plaintiff consented to arbitration. Accordingly, all claims against Nation's Roof were subsequently and currently are stayed pending arbitration.

5. The claims alleged against Lloyd's of London are **not** subject to an arbitration provision and are currently pending before this Court. The claims against Defendant Lloyd's of London have **not** been stayed.

6. Furthermore, Defendant Lloyd's of London did not remove this matter, but consented to removal based upon the federal question jurisdiction raised by Defendant Nation's Roof only. Defendant Lloyd's of London has never sought to remove this matter to federal court, presumably due to a lack of diversity jurisdiction or subject matter jurisdiction.

7. The Plaintiff now seeks to sever the claims which have been stayed against Nation's Roof pending the outcome of arbitration and remand the claims alleged against Defendant Lloyd's of London back to the Circuit Court of Mobile County, Alabama due to a lack of subject matter jurisdiction over said claims alleged against Defendant Lloyd's of London, and pursuant to the mandate set forth in 28 U.S.C. 1441 (c)(1) and (c)(2).

## ARGUMENT AND AUTHORITY

8. Plaintiff Springhill Avenue United Methodist Church, Inc., respectfully requests this Court grant this Motion to Sever all claims alleged against Defendant Lloyd's of London and remand said claims back to the Circuit Court of Mobile County, Alabama, due to a lack of subject matter jurisdiction. In that regard, this matter was previously removed based on federal question jurisdiction only arising out of Plaintiff's Magnuson-Moss Warranty Act claim alleged against Defendant Nation's Roof only. As previously noted, all claims alleged against Defendant Nation's Roof have been stayed pending arbitration. The Plaintiff's claims alleged against Defendant Lloyd's of London remain pending in this Court and are progressing through the discovery process.

9. This Honorable Court has the discretionary authority pursuant to Rule 21 of the Federal Rules of Civil Procedure to sever and remand in this instance, as well as mandatory

3

statutory authority codified at 28 U.S.C. § 1441 (c)(1); *see also* 28 U.S.C. § 1441 (c)(2); *see also* Steel v.Viscofan USA, Inc., 2017 WL 253960, (M.D. Ala. 2017) (only Westlaw citation available); *see also* Reed v. Heil Co. 206 F.3d 1055 (11th Cir. 2000) (wherein the Court specifically noted "congress has **required** severance and partial remand in one specific instance: where a federal question claim is joined in the same action with a claim not within the original or supplemental jurisdiction of the district court, or a claim that has been made nonremovable by statue.' 28 U.S.C. § 1441 (c) (1); Steel v. Viscofan USA, Inc., 2017 WL 253960, at 3-4; *citing* Reed v. Heil, 206 F.3d 1055, at 1060. (emphasis added).

10.     The U.S. District Court for the Northern District of Alabama, Eastern Division, recognized the broad discretion afforded a District Court in determining whether to sever arbitrable verses non-arbitrable claims alleged by or against different parties. In that regard, the Court in Dolgencorp, LLC v. Thomas, 2017 WL 818570 (N.D. Ala. 2017) held, in exercise of its discretion, the Court may determine "whether severance would facilitate settlement or judicial economy among the factors the Court examines while determining whether to sever the claims. Additionally, the court may consider 'the convenience of the parties, avoiding prejudice, promoting expedition and economy and the severability of law and logic.'" Dolgenkorp, 2017 WL 81870 (N.D. Ala. 2017; *quoting* Old Colony Ventures I, Inc. v. SMWNPF Holdings, Inc., 918 F. Supp. 343, 350 (D. Kan. 1966) (citation omitted). The Dolgencorp court concluded that severance based on judicial economy was "warranted because of the widely diverging procedural tracks that Ms. Smith's claims will follow in arbitration verse those of Mr. Richey that will proceed in litigation before this Court." Collins & Aikman Prod. Co. v. Bldg. Sys., Inc. 58 F.3d

4

16, 20 (2d Cir. 1995) ("If some claims are non-arbitrable, while others are arbitrable, then we will sever those claims subject to arbitration from those adjudicable only in court."); Id.

11. In the present action, Defendant Nation's Roof removed this matter subject to federal question jurisdiction only arising out of Plaintiff's Magnuson-Moss Warranty Act claim which was only alleged against the removing Defendant, Nation's Roof. Thereafter, Nation's Roof filed a Motion to Compel Arbitration of the claims alleged against Nation's Roof only and the parties consented to such arbitration. With respect to the Plaintiff's claims against Defendant Lloyd's of London, said claims are **not** subject to an arbitration provision and are currently adjuticable only in court. Accordingly, this Court should sever the non-arbitrable claims alleged against Defendant Lloyd's of London, like the Dolgencorp court did in the interest of judicial economy which "is warranted because of the wildly diverging procedural tracks" that the Plaintiff's non-arbitrable claims alleged against Lloyd's of London will follow, as opposed to the "diverging procedural track" that the arbitrable claims of the Plaintiff will follow against Defendant Nation's Roof. Dolgencorp, LLC v. Thomas, 2017 WL 818570, at 4. Thus, Plaintiff respectfully requests this Court sever the Plaintiff's claims alleged against Defendant Lloyd's of London from the arbitrable claims pending against Defendant Nation's Roof and Remand Plaintiff's non-arbitrable claims alleged against Defendant Lloyd's of London back to the Circuit Court of Mobile County, Alabama due to a lack subject matter jurisdiction.

12. In fact, the District Court in Steel v. Viscofan USA, Inc. did just that - the court permitted severance and partial remand of the Plaintiff's claims due to a lack of subject matter jurisdiction, particularly with respect to the federal question jurisdiction that the court was

exercising over the non-remanded Defendant pursuant to 28 U.S.C. § 1441 (c) (1). In that regard, the Steel court specifically noted "congress has **required** severance and partial remand in one specific instance: where a federal question claim is joined in the same action with 'a claim not within the original or supplemental jurisdiction of the District Court or a claim that has been made nonremovable by statute'" 28 U.S.C. § 1441 (c) (1); *see also* 28 U.S.C. § 1441 (c) (2) ('upon removal…the District Court **shall sever from the action all [nonremovable] claims…and shall remand the severed claims**…'"). Steel 217 WL 253960, at 3-4 (emphasis added). The Steel court went on to hold "indeed, § 1441 (c) expressly authorizes a District Court to exercise jurisdiction over a claim removed pursuant to § 1331, **and remand 'otherwise nonremovable claims or causes of action**.'"). Steel 217 WL 253960, at 3-4; *citing* Phillips v. R. Dawson Bridge Company, LLC 2014 WL 3970176 at 3, (N.D. Ala. 2014)(emphasis added).

13. Likewise, this Honorable Court shall sever the Plaintiff's claims alleged against the arbitrable Defendant, Nation's Roof, which provided this Court with original subject matter jurisdiction pursuant to § 1331 arising out of Plaintiff's federal question claim alleged via the Magnuson-Moss Warranty Act count, and shall remand the nonremovable claims alleged against Defendant Lloyd's of London due to a lack of subject matter jurisdiction and pursuant to the express authority set forth by Congress in 28 U.S.C. § 1441 (c)(1) and (c)(2) which provides "upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in

6

paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1)."

14.  Finally, this Motion to Sever and Remand is timely filed pursuant to 28 U.S.C. § 1446 which specifically states "if at any time before final Judgment it appears that the District Court lacks subject matter jurisdiction, this case shall be remanded." Accordingly, Plaintiff respectfully requests this Court sever the non-arbitrable claims alleged against Defendant Lloyd's of London for which this Court lacks subject matter jurisdiction and remand said claims alleged against Defendant Lloyd's of London back to Circuit Court of Mobile County, Alabama based on the authority and precedent set forth herein.

WHEREFORE, Plaintiff SPRINGHILL AVENUE UNITED METHODIST CHURCH, INC., respectfully requests this Court grant this Motion to sever the arbitrable claims alleged against Defendant Nation's Roof from the non-arbitrable claims alleged against Defendant Lloyd's of London for which this Court lack subject matter jurisdiction and remand all claims alleged against Defendant Lloyd's of London back to the Circuit Court of Mobile County, Alabama.  As such, this Honorable Court would retain jurisdiction over the federal question raised pursuant to the Plaintiff's Magnuson-Moss Warranty Act claim which are currently stayed pending the outcome of arbitration with Defendant Nation's Roof.

                                            /s/ Jonathon R. Law
                                      JONATHON R. LAW (LAW039)
                                      DANIELL, UPTON, ANDERSON,
                                      LAW & BUSBY, P.C.
                                      Attorney for Plaintiff
                                      30421 Highway 181
                                      Daphne, AL 36527
                                      jrl@dupm.com
                                      (251) 625-0046
                                      (251) 625-0464

## CERTIFICATE OF SERVICE

      I hereby certify that on March 27, 2025, a copy of the above and foregoing has been served upon counsel for all parties by electronic mail or by placing same in the United States mail, properly addressed and postage prepaid, as follows, and/or via the Court's electronic filing system:

**BUTLER SNOW LLP**
Jorge A. Solis
Katherine T. Powell
Chatham M. DeProspo
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL  35203

**WOOD, SMITH, HENNING & BERMAN LLP**
Collen V. McCaffrey
Joseph Aguirre
1230 Peachtree Street, Suite 2350
Atlanta, GA  30309

                                          /s/ Jonathon R. Law
                                      JONATHON R. LAW