# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| SPRINGHILL AVENUE UNITED METHODIST CHURCH, INC<br><br> Plaintiff,<br><br>LLOYD'S OF LONDON, LLOYD'S MARKET ASSOCIATION, THE CERTAIN UNDERWRITERS AT LLOYD'S, LONDON. NATIONS ROOF GULF COAST, LLC,<br> Defendants. | Case No. 1:24-cv-00375-KD-B |

## DEFENDANTS UNDERWRITERS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND AND SEVER

COME NOW Defendants CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO CERTIFICATE NO. RSK008907 ("Defendants" or "Underwriters") and file their Response in Opposition to Plaintiff's Motion to Remand and Sever and Incorporated Memorandum of Law as follow:

## I.    Introduction

In this action, Plaintiff Springhill Avenue United Methodist Church ("Plaintiff") seeks payment for alleged damage to its property. Plaintiff claims that this damage resulted from either 1) Hurricane Sally damage that Underwriters failed to compensate it for per their insurance policy, or 2) defective construction / faulty workmanship by Nations Roofing Gulf Coast, LLC ("Nations").  Underwriters and Nations dispute Plaintiff's allegations.  For a second time, Plaintiff seeks to remand

this matter to state court.  Plaintiff claims the Court no longer has subject matter jurisdiction after its claims against Nations were stayed pending arbitration, and that Plaintiff's claims against Underwriters should be remanded.  Plaintiff ignores that the Court retains federal question jurisdiction over Plaintiff's claims against Nations, albeit as they're stayed, that the Court maintains proper supplemental jurisdiction over Plaintiff's claims against Underwriters' (and Underwriters' defenses), which are based on factual and legal issues inextricable from the claims involving Nations, and that judicial economy and the issues common to all parties' claims and defenses weighs heavily against remand.

## II.    Factual Background

### A.    Procedural History

Plaintiff's initial Complaint was filed in the Circuit Court of Mobile, County, Alabama alleging causes of action against Underwriters and Nations arising out of Plaintiff's Hurricane Sally insurance claim to Underwriters and subsequent roof leaks caused by Nations' allegedly defective installation of the roof systems on the Plaintiff's church building following Hurricane Sally.  Springhill Avenue United Methodist Church, Inc's Complaint, a true and correct copy attached as Exhibit "1". On October 9, 2024, Nations removed this matter to this Court under the Court's federal question jurisdiction, 28 U.S.C. § 1446(a), over Plaintiff's Magnuson-Moss Warranty Act claim against Nations [ECF #1].  Underwriters consented to this

Removal filing.  Plaintiff then filed a Motion to Remand, arguing that 1) Nations' removal was untimely and 2) Nations failed to establish a "substantial federal question" to support federal jurisdiction.  [ECF #5].   This Court denied the motion, finding that removal was timely and that Plaintiff's invocation of the Magnuson-Moss Warranty Act, a federal statute, gave rise to federal question jurisdiction. [ECF 15].   Nations then filed a Motion to Stay Plaintiff's claims them to allow them to be arbitrated.  [ECF 17].   The Court granted, it and  all claims against Nations are currently stayed pending arbitration. [ECF 22].   Plaintiff maintains claims for alleged breach of the insurance contract and bad faith against Underwriters.  Plaintiff now seeks to sever the claims that have been stayed against Nation's Roof pending the outcome of arbitration and remand its claims against Underwriters to the Circuit Court of Mobile County due to an alleged lack of subject matter jurisdiction. [ECF 26].

### B.    The Policy

Plaintiff's Petition alleges coverage under a commercial property policy numbered RSK008907 with effective dates of August 19, 2020 to August 19, 2021. Underwriter's Applicable Insurance policy, a true and correct copy is attached as "Exhibit 2".  The policy provides property coverage to the Plaintiff, subject to the Policy's terms, conditions, limitations and exclusions. *Id*.  The policy is an insurance contract between Plaintiff and those Certain Underwriters at Lloyds, London

subscribing to it.    Certain Underwriters at Lloyd's, London refers to an

unincorporated association of members that insure risk through the Lloyd's of

London insurance market.    These members often subscribe to risks through

syndicates, which are administrative entities.    *Underwriters at Lloyd's, London v.*

*Osting-Schwinn*, 613 F. 3d 1079 (11ᵗʰ Cir. 2010).

The Policy covers damage from the covered perils of Windstorm and Hail:

A.    *Covered Causes of Loss*

*When Windstorm or Hail is shown in the Declarations, Covered
Cause of Loss means the following:*

1.    *Windstorm or Hail, but not including:*

a.    *Frost or cold weather;*

b.    *Ice (other than hail), snow or sleet, whether driven
by wind or not; or*

c.    *Loss or damage to the interior of any building or
structure, or the property inside the building or
structure, caused by rain, snow, sand or dust,
whether driven by wind or not, unless the building
or structure first sustains wind or hail damage to its
roof or walls through which the rain, snow, sand or
dust enters.*

See *Exhibit 2* at 16.

The Policy does not cover the following:

B.    *Exclusions*

1.    *We will not pay for loss or damage caused directly or
indirectly by any of the following. Such loss or damage is*

*excluded regardless of any other cause or event that contributes concurrently in any sequence to the loss.*

a.    *Ordinance Or Law*

      *The enforcement of any ordinance or law:*

(1)    *Regulating the construction, use or repair of any property; or*

(2)    *Requiring the tearing down of any property, including the cost of removing its debris. This exclusion, Ordinance or Law, applies whether the loss results from:*

(1)    *An ordinance or law that is enforced even if the Property has not been damaged; or*

(2)    *The increased costs incurred to comply with an ordinance or law in the course of construction, repair, renovation, remodeling or demolition of property, or removal of its debris, following a physical loss to that property.*

      *\*\*\**

g.    *Water*

(4)    *Flood, surface water, waves, tides , tidal waves, overflow of any body of water or their spray, all whether driven by wind or not;*

(5)    *Mudslide or mudflow;*

(6)    *Water that backs up to overflows from a sewer, drain or sump; or*

> (7)   *Water under the ground surface pressing on, or flowing or seeping through:*
>
>> *(a)   Foundations, walls and floors or paved surfaces;*
>>
>> *(b)   Basements, whether paved or not; or*
>>
>> *(c)   Doors, windows or other openings.*

*Id*. at 16 and 17.

## III.   <u>ARGUMENT</u>

Plaintiff claims in their Motion to Sever and Remand that this Court must grant their Motion pursuant to  28 U.S.C. 1441 (c)(1) and (c)(2) for lack of any continued basis to maintain jurisdiction over the Underwriters claims and defenses. ECF #26  However, the Court maintains jurisdiction over the Nations claims and defenses, which indisputably involve a federal question, so the Court should also maintain its supplemental jurisdiction over the Underwriters claims and defenses, which involve a "common nucleus of operative fact."  *United Mine Workers of America v. Gibbs*, 383 U.S. 715 ( 1966).  Practically speaking, the two cases involve the same set of damages, the same witnesses, and ultimately, the same factual and legal issues, so the practice of judicial economy strongly militates against severance and remand.

## A.   **Consent to Removal was given in compliance with Rule of Unanimity**

The Rule of Unanimity states that all defendants who have been properly

joined and served must join in or consent to the removal of a case to federal court.

28 U.S.C § 1446(b)(2)(A).   A removal is only procedurally defective if any

defendant did not join in or consent to the removal and, therefore, must be remanded

to state court.  *Maxwell v. E-Z- Go, a Division of Textron, Inc.*, 843 F. Supp. 2d 1209

(M.D. Ala. 2012).

Nations removed this matter to this Court citing federal question jurisdiction,

28 U.S.C. § 1446(a), over Plaintiff's Magnuson-Moss Warranty Act claim [ECF 1]

Underwriters were properly served and joined in this action.  Underwriters consented

to the Removal of this Action to Federal Court.  As such, Removal was procedurally

proper as to Underwriters' claims and defenses.

**B.   This Court Properly Retained Supplemental Jurisdiction over Underwriters Claims during Removal Proceedings**

Under 28 U.S.C. §1367, Federal Courts can exercise supplemental jurisdiction

over all other claims arising from the same case or controversy over which they

exercise federal jurisdiction, except for four exceptions.  District Courts can deny

supplemental jurisdiction over a claim if (1) the claim raises a novel or complex

issue of State law; (2) the claim substantially predominates over the claim or claims

over which the district court has original jurisdiction; (3) the district court has

dismissed all claims over which it has original jurisdiction, or (4) in exceptional

circumstances, there are other compelling reasons for declining jurisdiction.  Id. at

28 U.S.C §1367 (c).  None of these exceptions applied when this matter was originally Removed, and they still do not apply at this juncture.

Nations cited Plaintiff's Magnuson-Moss Act claim (Complaint Count V) to remove the case, over which the Court exercised federal question jurisdiction, but the Court also properly exercised supplemental jurisdiction over Plaintiff's remaining claims as well. 28 U.S.C. § 1367.  (cite).  The Court did not sever Plaintiff's other claims involving the same set of alleged damages brought under state law breach of contract or other theories.  Because they all arise from the same general set of facts, keeping these causes of action together was logical and proper.

**C.    This Court Retains Proper Supplemental Jurisdiction over Underwriters Claims after Staying Co-Defendant Nations Roof Gulf Coast, LLC's claims pursuant to an arbitration provision.**

On March 27, 2025, Plaintiff filed a Motion to Sever and Remand to assert this court no longer has jurisdiction over the Underwriters' claims and defenses now that the Nations' claims and defenses have been stayed pending arbitration. [ECF 26] Plaintiff further cites 28 U.S.C. §1441 stating that this court is "required" to sever and remand in this instance. Plaintiff ignores that 28 U.S.C. §1441(c)(1) is inapplicable as this Court still retains supplemental jurisdiction over Underwriter's claims  and defenses since Nations' were only stayed pending the arbitration and all matters still in dispute arise out of the same fundamental facts and controversy.

This court routinely holds, as Plaintiff points out, that this court has the *discretion* to decline to exercise supplemental jurisdiction "if … the district court has dismissed all claims over which it has original jurisdiction." *Lutley v. Noland Health Servs, Inc. citing v. Noland Health Services,* 2025 WL 20426 (M.D. Ala. 2025), at 4, quoting 28 U.S.C. §1376(c).  An important distinction, though, is that the claims and defenses of Co-Defendant Nations have been *stayed* pending arbitration and not dismissed.

The U.S. Court of Appeals has upheld that District Courts have the ability to exercise supplemental jurisdiction in instances where the federal question involves an Arbitration Provision, *In Tamiami Partners, Ltd. ex rel. v. Miccosukee Tribe of Indians of Florida*, the Eleventh Circuit found that the District Court properly exercised supplemental jurisdiction over state court claims. 177 F. 3d 1212, 1224 (11th Cir. 1999).  Specifically, the Court of Appeals stated that the pleadings did not "split the sphere of operative facts surrounding the termination dispute into two separate nuclei" when the facts necessary to resolve the state-law claims did not concern the arbitration provisions between the parties  *Id*.  As such, District Courts have the ability to exercise supplemental jurisdiction and maintain jurisdiction over separate state law claims where other claims that fork off into arbitration arise out of a common nucleus of operative facts.  *PTA-FLA, Inc. v. ZTE USA, Inc*, 844 F. 3d 1299,1310 (11th Cir. 2016).

Plaintiff cited *Dolgencorp, LLC v. Thomas*, 2017 WL 818570 (N.D. Ala 2017) at 4, to state that that the Court has judicial discretion to determine "whether severance would facilitate settlement or judicial economy among the factors the Court examines while determining whether to sever  the claims.  Additionally, the court may consider 'the convenience of the parties, avoiding prejudice, promoting expedition and economy and the severability of law and logic.'" *Id*.  Plaintiff then argues, allegedly from *Dolgencorp*, that severance is warranted based on judicial economy because of "widely diverging procedural tracks" between arbitration and further litigation in federal court.  This, ignores that, while arbitration may contain some procedural differences from litigation, here, it will involve the same discovery topics, the same deponents, and ultimately, will reach a finding as to the nature and extent of Nations' culpability that will bear directly on any Plaintiff would prove against Underwriters'.

With this court currently retaining supplemental jurisdiction over the claims against Underwriters, Plaintiff's reliance on 28 U.S.C. §1441(c)(2) and *Steel v. Viscofan USA, Inc*. is inapplicable.  Additionally, Plaintiff's citation to *Smith v. Dolgencorp, LLC* actually cuts in Underwriters' favor.  As appropriately stated by the Plaintiffs, this court may consider "the convenience of the parties, avoiding prejudice, promoting expedition and economy and the severability of law and logic." Here, Nations moved to stay the pending litigation pursuant to the arbitration

provision in their agreement with Plaintiff.  The Court did so, but retained

jurisdiction, and did not exercise the discretionary option of dismissing those claims

altogether.  It would now go against the principles of judicial economy to sever and

remand the claims against Underwriters.  While the parties' dispute these matters,

for purposes of understanding the issues before the Court, Plaintiff argues generally

that Underwriters failed to compensate them for all due damages under their Policy.

Underwriters argue in response that at least some of Plaintiff's currently claimed

damages resulted from issues with the roof repair by Nations.  Underwriters'

adjusters, building consultants, and engineers found so during the adjustment.

Based on their Complaint allegations, Plaintiff seems to agree that some or all of

their damage resulted from alleged issues with Nations' work.  Underwriters' policy

would not cover the damages from faulty workmanship or losses occurring outside

the policy period.  Accordingly, it is clear that Plaintiff, Nations, and Underwriters

and the arbitration/litigation between them will address a set of issues common to

all: 1) the discovery, reporting, and mitigation of Plaintiff's damage, 2) the causes

and diagnosis of Plaintiff's damage, and 3) the value and extent of Plaintiff's damage.

Additionally, the necessary depositions for both the Underwriters and Nations

claims and defenses are likely to be nearly identical and will concern the same facts

and controversy. Plaintiff's current claims against Underwriters would be litigated

in a more reasonable and expeditious manner in the current venue, where the claims

against Nations and Underwriters share a common nucleus of operative fact in the purest sense of the definition.

Overall, the claims are so intertwined that the outcome of the arbitration proceedings directly impact the claims against Underwriters. Plaintiff's claims as plead set up an "either-or" proposition, where the two Defendants' claims and defenses bear directly on each other. For example, a finding that all of Plaintiff's damage resulted from issues with the roof might exculpate Underwriters at Nations' expense. Without restating the Complaint allegations for this Court, should there be a finding for or against Nations in the arbitration over which this Court maintains jurisdiction through the stay, Plaintiff's claims against Underwriters would be directly impacted.

In sum, there is proper basis to maintain Supplemental Jurisdiction over Underwriter's claims. Currently, Nations is stayed, and not dismissed, pursuant to their arbitration provision, and are obligated to file Arbitration Reports pursuant to this Court's Order [ECF 22]. If the stay on the Nations claims ever ended, either because the arbitration failed to resolve the entire dispute between Nations and Plaintiff or because those parties abandoned it, and Underwriter's claims had been remanded and severed, then a necessary rejoining of the suits pursuant to the Court's Supplemental Jurisdiction would only restart and prolong litigation and procedural issues.

## CONCLUSION

The removal of this matter was timely filed, and Underwriters timely gave consent to the removal pursuant to the Rule of Uniformity. This court then properly found Supplemental Jurisdiction before the claims against Nations were stayed pursuant to an arbitration provision. Finally, Plaintiff's Motion to Remand and Sever is due to be denied as this court still retains supplemental jurisdiction over the Underwriters' claims and defenses. Nations' claims have only been stayed and not dismissed and the claims regarding both Underwriters and Nations still share a common nucleus of operative fact. Severing and remanding Underwriters claims at this juncture would not serve judicial economy or advance resolution.

Respectfully submitted,

*/s/ Joseph M. Aguirre*
Joseph M. Aguirre (AGU002)

*\*Attorney for Defendant Certain*
*Underwriters at Llyod's of London*
*Subscribing to Certificate #RSK008907*

**OF COUNSEL:**

**WOOD, SMITH, HENNING & BERMAN, LLP**
11 North Water Street
10th Floor
Mobile, Alabama 36602
Telephone: (251) 515-2105
Facsimile: (251) 515-2101
jaguirre@wshblaw.com
jholliday@wshblaw.com
ccallahan@wshblaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date, using the CM/ECF system which will send notification of such filing, served a copy of the foregoing pleading upon all counsel of record on April 14, 2025.

*/s/ Joseph M. Aguirre*
OF COUNSEL
