IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SPRINGHILL AVENUE UNITED METHODIST CHURCH, INC., <br>     Plaintiff <br><br> v. <br><br> LLOYD'S OF LONDON, et al., <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> )   Civil Action No. 1:24-00375-KD-B <br> ) <br> ) <br> ) |

**ORDER**

This action is before the Court on the motion to sever and remand, (Doc. 26), filed by Plaintiff Springhill Avenue United Methodist Church, Inc. ("Plaintiff"). Upon consideration, and for the reasons below, the motion is **DENIED**. Furthermore, the parties are **ORDERED** to brief the issue of whether the claims against Defendants Lloyd's of London; Lloyd's Market Association; Certain Underwriters at Lloyd's, London (collectively, "Lloyd's") should be stayed pending arbitration of the claims against Defendant Nations Roof Gulf Coast, LLC ("Nations Roof").

**I.    Background**

Plaintiff filed its complaint in the Circuit Court of Mobile County, Alabama alleging causes of action stemming from a Hurricane Sally insurance claim and later roof leaks allegedly caused by defective installation of the roof systems on Plaintiff's church buildings. (Doc. 1-1). Plaintiff asserted two claims against Lloyd's and three claims against Nations Roof. (Doc. 1-2). Nations Roof removed the action to the United States District Court for the Southern District of Alabama based on federal question jurisdiction because the action arises under the Magnuson-Moss Warranty Act and the amount in controversy exceeds $50,000, as required by the Act. (Doc. 1 at 4–7). Nations Roof also asserted supplemental jurisdiction over Plaintiff's state law claims. (Doc.

1

1 at 7–8). And Nations Roof stated that its removal was timely because it had not been properly served. (Doc. 1 at 9). Lloyd's consented to the removal. (Doc. 1-4).

A month after removal, Plaintiff filed a motion to remand for two reasons: (1) Nations Roof's removal was untimely filed more than thirty days after it was properly served and (2) Nations Roof failed to show federal question jurisdiction. (Doc. 5 at 1–2). This Court denied the motion because the removal was timely, and Nations Roof met its burden of demonstrating federal question jurisdiction. (Docs. 14, 15).

Nations Roof later filed a motion to compel arbitration and stay Plaintiff's claims against it, (Doc. 17), which was granted. (Doc. 22). Thus, the action has been stayed with respect to the claims against Nations Roof: negligence (Count III), wantonness (Count IV), and violation of the Magnuson-Moss Warranty Act (Count V). The claims against Lloyd's remain pending before the Court: breach of contract (Count I) and bad faith (Count II).

Plaintiff now seeks to sever the claims that have been stayed against Nations Roof and remand the claims against Lloyd's due to a lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1441(c)(1)–(2). (Doc. 26). Defendants Certain Underwriters at Lloyd's, London subscribing to certificate No. RSK008907 ("Underwriters" or "Lloyd's") filed a response in opposition Plaintiff's motion, (Doc. 29), and Plaintiff filed a reply, (Doc. 30).

**II.      Law**

**1.   Supplemental Jurisdiction: 28 U.S.C. § 1367(a)**

"[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). However, the court "may decline to exercise supplemental jurisdiction over" a supplemental claim if:

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

### 2. Mandatory Severance and Remand: 28 U.S.C. § 1441(c)

When a federal-question claim is joined in the same action with "a claim not within the original or supplemental jurisdiction of the district court," the district court shall sever and remand the claim that lacks original or supplemental jurisdiction. 28 U.S.C. § 1441(c). This so-called "separate and independent" claim provision applies when the federal question claim "does not form part of the same case or controversy . . . as the federal-question claim." 14C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Juris. § 3722.3 (4th ed. 2025). In other words, a claim must be severed and remanded when it "does not share a common nucleus of operative fact with the federal-question claim." Id.

### 3. Discretionary Severance: Federal Rule of Civil Procedure 21

"On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. The district court has discretion to order severance. See, e.g., Ulysse v. Waste Mgmt., Inc. of Fla., 645 F. App'x 838, 839 (11th Cir. 2016). "Even as to parties properly joined, courts may order severance in the interest of justice or to further the prompt and efficient disposition of litigation." 1 Steven F. Gensler, Federal Rules of Civil Procedure, Rules and Commentary Rule 21 (2024).

3

### III.     Analysis

Plaintiff argues that this Court has discretionary authority to sever and remand under Federal Rule of Civil Procedure 21 and mandatory statutory authority to sever and remand under 28 U.S.C. § 1441(c). (Doc. 26 at 3–4). Before addressing these claims, the Court will consider whether it has supplemental jurisdiction over the claims against Lloyd's.

**1.     The Court has supplemental jurisdiction over the claims against Lloyd's.**

Federal courts have supplemental jurisdiction over claims that "form part of the same case or controversy" as claims with original jurisdiction. 28 U.S.C. § 1367(a). Claims form part of the same case or controversy if they share "a common nucleus of operative fact" and there is an expectation that the claims would be tried in the same proceeding. United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966). This standard is broader than the "transaction or occurrence" standard in Federal Rule of Civil Procedure 13(a). 13D Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Juris. § 3567.1 (3d ed. 2025). "In practice, § 1367(a) requires only that the jurisdiction-invoking claim and the supplemental claim have some loose factual connection. . . . This standard is broad and fact-specific, and should be applied with a pragmatic appreciation of the efficiency promoted by supplemental jurisdiction." Id. (footnote omitted).

The claims against Lloyd's are breach of contract (Count I) and bad faith (Count II). The claims against Nations Roof are negligence (Count III), wantonness (Count IV), and violation of the Magnuson-Moss Warranty Act (Count V). The federal-question claim in this action is the alleged violation of the Magnuson-Moss Warranty Act. For this claim, Plaintiff alleges that Nations Roof's either deceptively issued warranties and/or failed to repair the defects in accordance with [Nations Roof's] warranties." (Doc. 1-2 at 20). Therefore, the issue is whether

4

the Magnuson-Moss Warranty Act claim and the claims against Lloyd's form part of the same case or controversy.

Here, the federal-question claim and the claims against Lloyd's share a common nucleus of operative fact—the damage to Plaintiff's roof. In the federal-question claim, Plaintiff alleges that Nations Roof failed to properly repair the roof systems on the Plaintiff's Church buildings following Hurricane Sally. Plaintiff states that Nations Roof was hired "in an effort to mitigate damage to the insured premises." (Doc. 1-2 at 13). In the claims against Lloyd's, Plaintiff alleges that Lloyd's breached its insurance contract by failing to pay for damage to its property. But Lloyd's argues that it's policy "would not cover damage resulted from alleged issues with Nations' work." (Doc. 29 at 11). And Lloyd's argues that "at least some of Plaintiff's currently claimed damages resulted from issues with the roof repair by Nations." (Id.). Accordingly, the Magnuson-Moss Warranty Act claim shares a common nucleus of operative fact with the claims against Lloyd's.

Moreover, there was an expectation that the claims against Lloyd's would be tried in the same proceeding as the federal-question claim. According to Plaintiff's complaint, Plaintiff was "[u]naware of whether the water intrusion related damage was a result of Hurricane Sally and the subject of the insurance claim filed with [Lloyd's] or the result of improper installation of the roof systems and associated components by [Nations Roof]." (Doc. 1-2 at 14). This led to Plaintiff retaining an engineering firm to determine the cause of the water leaks and subsequent damage. (Id.). The engineering firm attributed numerous deficiencies to improper installation. (Id. at 15). But Plaintiff brought a single action against both Nations Roof and Lloyd's. Thus, Plaintiff expected to try the federal-question claim in the same proceeding as the claims against Lloyd's.

5

Finally, none of the discretionary factors in § 1367(c) warrant declining supplemental jurisdiction. 28 U.S.C. § 1367(c). The claims against Lloyd's (breach of contract and bad faith) do not raise a novel or complex issue of State law. The claims against Lloyd's do not substantially predominate over the federal-question claim. The Court has not dismissed the federal-question claim. And there are not compelling reasons for declining jurisdiction.

In sum, the federal-question claim and the claims against Lloyd's form part of the same case or controversy. None of the discretionary factors for declining jurisdiction apply. Therefore, supplemental jurisdiction exists over the claims against Lloyd's.

## 2. Because there is supplemental jurisdiction over the claims against Lloyd's, the mandatory severance and remand provision in § 1441(c) is not applicable.

Plaintiff argues that 28 U.S.C. § 1441(c) mandates severance and remand of the claims against Lloyd's. But § 1441(c)'s severance provision only applies to claims that are supported by neither an independent basis for federal-question jurisdiction nor supplemental jurisdiction. In other words, when a claim has supplemental jurisdiction, the severance and remand provision does not apply. Here, the Court has supplemental jurisdiction over the claims against Lloyd's. Therefore, § 1441(c) does not provide mandatory statutory authority for this Court to sever and remand the claims against Lloyd's.

## 3. The Court will not sever and remand the claims against Lloyd's pursuant to its discretionary authority from Federal Rule of Civil Procedure 21.

Plaintiff argues that this Court has discretionary authority to sever and remand under Federal Rule of Civil Procedure 21. In general, a court can sever claims pursuant to Federal Rule of Civil Procedure 21 when it is in the interest of justice or promotes judicial economy. Gensler, supra. Other relevant factors include whether "the claims present some common questions of law

6

or fact" and whether "different witnesses and documentary proof are required for separate claims." Id.

Plaintiff argues that its claims against Nations Roof "are on a wildly divergent discovery and procedural track from the claims against Lloyd's." (Doc. 30 at 11). In support, Plaintiff highlights the differences between the claims against Nations Roof and the claims against Lloyd's. Specifically, Plaintiff notes that the claims against Lloyd's arise out of the insurance policy and the claims against Nations Roof arise out of the allegedly defective installation of the roofs. Plaintiff also distinguishes the damages, witnesses, and issues between the claims. Plaintiffs admit, however, that two depositions may remotely contain the same witnesses, facts, and/or damages: (1) the engineer hired by Lloyd's to determine whether the roof leaks were caused by Hurricane Sally or the improper installation by Nations Roof and (2) the contractor hired by Plaintiff to repair the water intrusion.

Lloyd's, on the other hand, argues that severing and remanding the claims against it "would now go against the principles of judicial economy." (Doc. 29 at 11). In support, Lloyd's explains that its policy coverage is affected by the damages that are attributed to Nations Roof. According to Lloyd's, the discovery related to the damage will address a set of issues common to the claims against Nations Roof and the claims against Lloyd's. "For example, a finding that all of Plaintiff's damage resulted from issues with the roof might exculpate [Lloyd's] at Nations' expense." (Doc. 29 at 12). And "should there be a finding for or against Nations in the arbitration . . . , Plaintiff's claims against [Lloyd's] would be directly impacted." (Id.).

The ultimate question is whether severance and remand would serve the interest of justice and promote judicial economy. This question is intertwined with "the policy of supplemental jurisdiction," which "is to support the conservation of judicial energy and avoid multiplicity of

7

litigation." Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 746 (11th Cir. 2006) (citing Rosado v. Wyman, 397 U.S. 397, 405 (1970)). As explained, the claims against Lloyd's and the claims against Nations Roof involve a common question of fact—the damage to Plaintiff's roof. Here, severing and remanding the claims against Lloyd's would not conserve judicial energy. Instead, it would require litigation in state court concerning claims that could be affected by the outcome of arbitration. Therefore, the Court will not sever and remand the claims against Lloyd's pursuant to Federal Rule of Civil Procedure 21.

**4. The parties are ordered to brief the issue of whether the claims against Lloyd's should be stayed pending arbitration of the claims against Nations Roof.**

"When confronted with litigants advancing both arbitrable and nonarbitrable claims . . . courts have discretion to stay nonarbitrable claims." Klay v. All Defendants, 389 F.3d 1191, 1204 (11th Cir. 2004). "[C]ourts generally refuse to stay proceedings of nonarbitrable claims when it is feasible to proceed with the litigation." Whisenhunt v. Ameracat, Inc., 731 F. Supp. 3d 1279, 1298 (S.D. Ala. 2024), reconsideration denied, No. CV 1:23-00443-KD-B, 2024 WL 2139387 (S.D. Ala. May 13, 2024) (quoting Caytrans v. Equip. Rental and Contractors Corp., No. 08-CV-0691, 2010 WL 2293001, at *1 (S.D. Ala. June 4, 2010)). However, a discretionary stay pending arbitration is appropriate if the issues in the arbitration and litigation significantly overlap. Id.

In the light of the overlapping issue of the damage to Plaintiff's roof, Plaintiff and Lloyd's are **ORDERED** to brief the issue of whether the claims against Lloyd's should be stayed pending the arbitration of the claims against Nations Roof. Each party's brief shall be submitted **on or before May 30, 2025**, and shall be **no longer than five (5) pages**.

**IV.   Conclusion**

Plaintiff moves the Court to sever and remand the claims against Lloyd's. But this Court has supplemental jurisdiction over the claims against Lloyd's because they form part of the same

case or controversy and the federal-question claim. Because of this, the mandatory severance and remand provision in 28 U.S.C. § 1441(c) is not applicable. Moreover, the common question of fact between the claims guides this Court not to sever and remand under Federal Rule of Civil Procedure 21. Therefore, the motion to sever and remand is **DENIED**.

Because of the overlapping issue regarding the damage to Plaintiff's roof, Plaintiff and Lloyd's are **ORDERED** to brief the issue of whether the claims against Lloyd's should be stayed pending arbitration of the claims against Nations Roof.

**DONE** and **ORDERED** this **22nd** day of **May 2025**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**