**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **SPRINGHILL AVENUE UNITED** ) | |
| **METHODIST CHURCH, INC.,** ) | |
|     **Plaintiff** ) | |
| ) | |
| **v.** ) | **Civil Action No. 1:24-00375-KD-B** |
| ) | |
| **LLOYD'S OF LONDON, et al.,** ) | |
|     **Defendants.** ) | |

**ORDER**

This action is before the Court on the Joint Stipulation of Dismissal with Prejudice filed by Plaintiff Springhill Avenue United Methodist Church, Inc. ("Plaintiff"). (Doc. 73). A plaintiff may voluntarily dismiss its case "by filing a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). The Eleventh Circuit interprets this literally. City of Jacksonville v. Jacksonville Hosp. Holdings, L.P., 82 F.4th 1031, 1038 (11th Cir. 2023) (explaining that "all means all"). Here, Plaintiff's stipulation of dismissal is not signed by all parties who have appeared. The filing contains the signature of counsel for Plaintiff and counsel for Defendants Lloyd's of London, Lloyd's Market Association, and Certain Underwriters at Lloyd's, London. But there are no signatures for Defendant/Third-Party Plaintiff Nations Roof Gulf Coast, LLC or Third-Party Defendants Roof US, LLC and Roof US Roofing & Restoration, LLC. Therefore, the dismissal was ineffective.

To ensure clarity, the Joint Stipulation of Dismissal, (Doc. 73), is **STRICKEN**. Plaintiff may file a stipulation of dismissal signed by all parties who have appeared, which will be self-executing.

    **DONE** and **ORDERED** this the **27th** day of **July 2026.**

                    /s/ Kristi K. DuBose
                    **KRISTI K. DuBOSE**
                    **UNITED STATES DISTRICT JUDGE**